IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID KING,

        Plaintiff,

vs.                                                                                  No. CIV 99-1226 JC/KBM

BARBARA COTTAM, Mayor;
RICHARD HILL, Councilor;
EUGENE ERB, Councilor; and
VILLAGE OF ANGEL FIRE,
a New Mexico Municipality,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for Remittur of Punitive Damages Award, filed February 1, 2000 *(Doc. 151)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is not well taken and will be denied.

**I.**     **Background**

Plaintiff originally claimed that Defendants (1) breached his employment contract, (2) violated his due process rights, (3) violated his First Amendment right of association, (4) retaliated against him in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), and (5) retaliated against him in violation of 42 U.S.C. § 1981. *See* Complaint for Damages, filed October 22, 1999 *(Doc. 1)*. The Court granted in part Defendants' Motion for Summary Judgment, thereby dismissing Plaintiff's due process and breach of contract claims. *See*

Memorandum Opinion and Order, filed December 20, 2000 *(Doc. 119)*.

Trial was held on the remaining causes of action on January 16, 2001, through January 19, 2001. At the close of Plaintiff's case, the Court granted Defendants' motion for judgment as a matter of law on Plaintiff's First Amendment claim. Defendants also moved for judgment as a matter of law with respect to Plaintiff's claim for punitive damages. The Court denied Defendants' motion.

On January 19, 2001, the jury returned a verdict in favor of Plaintiff. The jury awarded $188,000 in compensatory damages and $50,000 in punitive damages. The punitive damages were divided as follows: (1) Barbara Cottam, $20,000; (2) Eugene Erb, $15,000; and (3) Richard Hill, $15,000.

Defendants now renew their motion for judgment as a matter of law seeking dismissal of the punitive damages award. In the alternative, Defendants move for a $5,000 reduction in amount of punitive damages assessed against Defendant Barbara Cottam, thereby making the punitive damages awards equal among the Defendants.

## II.     Standard of Review

Defendants argue that they are entitled to a judgment as a matter of law ("JAMOL"), or in the alternative, a remittitur of the punitive damages award. "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" *Townsend v. Daniel*, 196 F.3d 1140, 1144 (10th Cir. 1999) (quoting *Vining v. Enterprise Fin. Group, Inc.*, 148 F.3d 1206, 1213 (10th Cir. 1998)). A JAMOL "should be cautiously and sparingly granted." *Deters v. Equifax Credit Info. Servs.*, 981 F. Supp. 1381, 1384 (D. Kan. 1997) (quotation omitted). When a trial court considers a motion

2

for JAMOL, it "may not make credibility determinations or weigh the evidence [because] [c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000) (citations and quotations omitted). Moreover, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe.... [Thus], the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Id.* (internal quotations and citations omitted).

In addition, a district court's disposition of a motion for remittur on damages is reviewed for a manifest abuse of discretion. *See Hynes v. Energy West, Inc.*, 211 F.3d 1193, 1206 (10th Cir. 2000) (internal citation omitted). "[A]bsent an award so excessive...as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate." *Id.* (citation and quotations omitted).

**III**     **Discussion**

    **A.**     **Defendants' Renewed Motion for Judgment as a Matter of Law**

Defendants maintain that Plaintiff did not meet the applicable standard for an award of punitive damages. Section 1981(b)(1) allows for punitive damages when proof is offered that the defendant engaged in discriminatory conduct "with malice or reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534 (1999). The focus should be on the actor's state of mind. *See id.* at 535. The employer

3

"must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable for punitive damages." *Id.* at 536.  Thus, Defendants argue that no evidence was offered to show that the individual Defendants knew of federal law that would prohibit them from terminating Plaintiff.  However, the Court finds that Plaintiff offered sufficient evidence to sustain an award of punitive damages.

Plaintiff offered testimony that he repeatedly warned the Defendants that they could not take adverse employment actions against Hispanic employees who filed EEOC charges.  Plaintiff also wrote a letter to Defendants Cottam and Erb warning them that their actions against two employees could be viewed as retaliation and could expose them to liability under the Civil Rights laws.  *See* Plaintiff's Trial Exhibit No. 17, ¶ 10.  Finally, Plaintiff presented evidence to show that Defendants were aware that Plaintiff had filed an EEOC charge, and Defendants considered the filing of the EEOC charge when they terminated his employment.  From this evidence, a reasonable jury could have concluded that Defendants intentionally discriminated against Plaintiff in the face of a perceived risk that its action would violate federal law.  Accordingly, Defendants' motion for a judgment as a matter of law is denied.

**B.     Whether the Punitive Damages Award again Defendant Cottam is Excessive**

Defendants next argue that the punitive damages award against Defendant Cottam is excessive because it is $5,000 higher than the other Defendants.  In evaluating the damage award, the Court is mindful that generally, the determination of damages is exclusively the function of the jury.  *See Hynes v. Energy West, Inc.*, 211 F.3d 1193, 1206 (10th Cir. 2000) (citation omitted).

Defendants maintain that no evidence was offered at trial to show that Defendant Cottam's actions were more egregious than the other Defendants.  The Court disagrees.  Plaintiffs

presented evidence to show that Defendant Cottam, as Mayor, wanted Plaintiff to terminate Hispanic employees. Plaintiff also elicited testimony that showed Defendant Cottam exhibited animus toward Hispanic employees, singled out Hispanic employees for public criticism, and enlisted Anglo employees to spy on Hispanic employees. The evidence also indicated that Defendant Cottam and Plaintiff had a particularly troublesome relationship, as compared to the other Defendants. Furthermore, it is undisputed that Defendant Cottam cast the tie-breaking vote resulting in the termination of Plaintiff. Thus, the Court finds that a reasonable jury could have concluded that Defendant Cottam was the leader of the efforts to terminate Plaintiff and could have prevented the termination of Plaintiff, thereby making her conduct more culpable. Accordingly, Defendants' motion for a remittitur is denied.

## IV.  Conclusion

For the above reasons, the Court finds a reasonable jury could have concluded that Defendants intentionally discriminated against Plaintiff in the face of a perceived risk that its action would violate federal law. The Court further finds that the punitive damages award against Defendant Cottam is not excessive.

Wherefore,

IT IS ORDERED that Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for Remittitur of Punitive Damages Award, filed February 1, 2000 *(Doc. 151)* is denied.

DATED March 29, 2001.

        */s/ John Edwards Conway*
        _____
        SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    J. Edward Hollington, Esq.
    J. Edward Hollington & Associates, P.A.
    Albuquerque, New Mexico

Attorneys for Defendants:

    James P. Sullivan, Esq.
    Kristin McKeever, Esq.
    Hatcher, Sullivan & Grand, P.A.
    Santa Fe, New Mexico